# In the United States Court of Federal Claims

No. 16-1421C
(Filed: November 30, 2018)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
EFFICIENT ENTERPRISE                            *
ENGINEERING, INC.,                              *
                                                *
              Plaintiff,                        *
                                                *
       v.                                       *
                                                *
THE UNITED STATES,                              *
                                                *
              Defendant.                        *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER OF DISMISSAL

On November 15, 2018, Defendant filed an unopposed motion to dismiss Plaintiff's complaint pursuant to Rule 41(b) of the Rules of the United States Court of Federal Claims. Rule 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its motion or the defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction or failure to join a party under RCFC 19 – operate as an adjudication on the merits.

On March 14, 2018, this Court stayed all deadlines in this matter to allow Plaintiff time to retain new counsel, as this Court's rules prohibit corporations from proceeding pro se or from being represented by non-attorneys. RCFC 83.1(a)(3); see also Talasila, Inc v. United States, 240 F.3d 1064, 1066 (Fed. Cir. 2001) (per curiam) (construing Rule 83.1(d)'s predecessor, Rule 81(d)(8)).

Plaintiff was granted three extensions of time in which to retain counsel, and failed to respond to the Court's November 2, 2018 order to file a status report after missing a previous deadline. Failure to comply with court orders constitutes a valid ground for dismissal based on a failure to prosecute. See Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503, 505 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439, 442-43 (1992), aff'd per curiam, 991 F.2d 810 (Fed. Cir. 1993); see generally Claude E. Atkins Enters., Inc. v. United

States, 899 F.2d 1180 (Fed. Cir. 1990) (affirming dismissal pursuant to RCFC 41(b) for failure to comply with court orders).

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

*/s/ Mary Ellen Coster Williams*
MARY ELLEN COSTER WILLIAMS
Senior Judge